# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-397V

| | | |
|---|---|---|
| JANE B. RUSHING, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 10, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On March 14, 2019, Jane B. Rushing filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleges the Table claim that an influenza vaccine she received on November 20, 2012, caused her to incur Guillain-Barré syndrome. I ruled for Petitioner on entitlement (Ruling, dated Feb. 16, 2024 (ECF No. 62)), but resolution of damages is still pending.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated June 20, 2024 (ECF No. 68) ("Interim Fees Mot."). It is her first fees request in this case. Petitioner requests a total of $213,686.62, reflecting: (a) $158,837.01 ($157,946.00 in attorney's fees and $891.01 in costs) for the work of her attorney, Nancy Meyers at Turning Point Litigation; (b) $51,649.61 for the services incurred by Ms. Meyers's prior firm and her co-counsel's firm; and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(c) $3,200.00 in Petitioner's unreimbursed litigation costs incurred in this matter. Interim Fees Mot. at 2–3.

Respondent reacted to the fees request on July 5, 2024. *See* Response, dated July 5, 2024 (ECF No. 69) ("Resp."). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded. Resp. at 2–3. Petitioner then filed a reply, concurring with Respondent that I should exercise my discretion in determining a reasonable interim fees and costs award. Reply, dated July 9, 2024 (ECF No. 70).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$213,686.62**.

## ANALYSIS

I.   **Requests for Interim Attorney's Fees and Costs**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

This matter meets these criteria: it has been pending for a little over five years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. An interim award in a case like this, where the ultimate resolution of causation has been determined, and only a final damages award remains pending, is warranted. And since I have ruled in Petitioner's favor already on entitlement, the claim's underlying reasonable basis cannot be disputed.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Nancy Meyers (Attorney)** | $375.00 | $390.00 | $400.00 | $430.00 | $460.00 | $490.00 | $530.00 |
| **L. Cooper Harrel (Attorney)** |  |  | -- | -- | $430.00 | $460.00 | $510.00 |
| **Hillary Kies (Attorney)** |  |  | -- | -- | $370.00 | $390.00 | $410.00 |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| Tyler Nullmeyer (Attorney) | | | -- | -- | $275.00 | $295.00 | $315.00 |
| Taylor Barrett (Paralegal) | -- | -- | $150.00 | $155.00 | $160.00 | $165.00 | $180.00 |
| Lisa Hobbs (Paralegal) | -- | -- | $150.00 | $155.00 | -- | -- | -- |
| Janelle Tharp (Paralegal) | -- | -- | -- | -- | $160.00 | $165.00 | $180.00 |
| Lisa Roquemore (Attorney) | -- | -- | -- | $447.00 | $447.00 | $475.00 | -- |

ECF No. 68-1 at 1–2; ECF No. 68-2 at 2; ECF No. 68-4 at 2–17.

A number of different attorneys and firms have represented Petitioner to date, and hence some explanation of the sequence of counsel acting in this matter is warranted. Ms. Meyers, who serves as official counsel of record in this matter, initially practiced at Ward Black Law, which handled the case from March 2019 to March 2020. But she moved to Turning Point Litigation during the pendency of the claim. In addition, attorney Lisa Roquemore was associated with the matter as of June 2021 (*see* Notice (ECF No. 36)), and performed services for Petitioner through May 2023. ECF No. 68-4 at 3.

The attorneys at Ward Black Law and Turning Point Litigation practice in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid form rates as established in *McCulloch*. *See Stone v. Sec'y of Health & Hum. Servs.*, No. 18-634V, 2023 WL 8895692 (Fed. Cl. Spec. Mstr. Nov. 29, 2023). The rates requested for the attorneys and paralegals are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Wessinger v. Sec'y of Health & Hum. Servs.*, No. 21-518V, 2024 WL 3176348 (Fed. Cl. May 30, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment for this group of attorneys.

Ms. Roquemore practices in Southern California—a jurisdiction that has also been deemed "in forum" under *McCulloch*. *See Davis v. Sec'y of Health & Hum. Servs.*, No. 14-978V, 2017 WL 656304, at *2 (Fed. Cl. Spec. Mstr. Jan. 23, 2017). Her requested rates are also consistent with

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node2914 (last visited Sept. 10, 2024).

what has previously been awarded for her time, in accordance with the Office of Special Masters' fee schedule. I thus find no cause to reduce them in this instance, and will also award fees for all hours expended on the matter. (These amounts will be made payable to Turning Point Litigation which will then be deposited in trust and disbursed to Ms. Roquemore).

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

#### A.  Costs Incurred by Turning Point Litigation

Petitioner requests $891.01 in outstanding costs incurred by Ms. Meyers's current firm from July 2020 to September 2023, including photocopying costs, legal research costs, medical literature retrieval costs, and costs associated with one expert, Francois Picot, M.D. ECF No. 68-1 at 30. Dr. Picot provided two brief written statements in the matter, and submitted an invoice for a total of $500.00. All of these expenses are commonly incurred in the Vaccine Program, and are reasonable herein. Thus, they shall be awarded in full without reduction.

#### B.  Costs Incurred by Ward Black Law

Petitioner also seeks $850.31 in outstanding costs incurred by Ms. Meyers's prior firm that performed work on this matter, including the filing fee, medical record retrieval costs, and mailing and photocopying costs. These expenses are also commonly incurred in the Program, were reasonably incurred herein, and thus will be awarded.

#### C.  Expert Costs

Petitioner asks for reimbursement of $27,225.00 in costs reflecting work performed by three other experts—Lawrence Steinman, M.D., M. Eric Gershwin, M.D., and Gary H. Schwartz, M.D. ECF No. 68-4 at 18, 20, 22–23. Dr. Steinman offered two written reports and submitted an invoice reflecting a total of $13,475.00 (billing at an hourly rate of $550.00) charged to the matter. *Id.* at 18. Dr. Gershwin prepared one written report and submitted an invoice reflecting a total of $14,750.00 (billing at an hourly rate of $500.00), with a retainer fee of $3,000.00. *Id.* at 21. And Dr. Schwartz filed two written reports and a brief statement, and submitted an invoice reflecting a total of $2,000.00 (billing at an hourly rate of $400.00) charged to the matter. All of these rates are

acceptable for the relevant experts, and I deem the work performed on the case by each expert to have been reasonable in amount and helpful in resolving entitlement. I will therefore grant this category of costs in its entirety.

### D. Petitioner's Unreimbursed Litigation Costs

Finally, Petitioner requests $3,200.00 in unreimbursed litigation costs, including expert retainer fees for services performed by Dr. Gershwin, and fees related to the first written report prepared by Dr. Schwarz. *See* General Order #9 Statement, dated Mar. 16, 2021 (ECF No. 68-5). Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative of sums billed by Petitioner's counsel. These costs are thus appropriately reimbursed.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs. I award a total of $213,686.62, reflecting (a) $158,837.01 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and Petitioner's attorney, Nancy Meyers, at Turning Point Litigation; (b) $51,649.61 in attorney's fees and costs for the services incurred by counsel's prior firm and co-counsel's firm, made jointly payable to Petitioner and Petitioner's attorney, Nancy Meyers, at Turning Point Litigation; and (c) $3,200.00 in Petitioner's unreimbursed litigation costs incurred in this matter made payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.