# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-397V

| | | |
|---|---|---|
| JANE B. RUSHING, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: February 13, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Sarah B. Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 14, 2019, Jane B. Rushing filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her receipt of an influenza vaccine on November 20, 2012. Petition (ECF No. 1) at 1.

I issued an entitlement decision on February 16, 2024, ruling in Petitioner's favor. *See* Ruling on Entitlement, dated Feb. 16, 2024 (ECF No. 62). On February 7, 2025, Respondent filed a proffer proposing an award of compensation. (ECF No. 80). I have reviewed the file, and based upon that review I conclude that Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The proffer awards:

- A lump sum payment of **$393,710.34**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($148,745.77), pain and suffering ($220,000.00), and past unreimbursable expenses ($24,964.57), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Jane B. Rushing; and

- An amount sufficient to purchase an annuity contract, subject to the conditions described in the parties' proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A in the proffer.

Proffer at II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioners are entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANE B. RUSHING,  ) | |
|   ) | |
| Petitioner,  ) | |
|   ) | No. 19-397V |
| v.  ) | Chief Special Master Corcoran |
|   ) | ECF |
| SECRETARY OF HEALTH AND HUMAN  ) | |
| SERVICES,  ) | |
|   ) | |
| Respondent.  ) | |
|   ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 14, 2019, Jane B. Rushing ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered from Guillain-Barré syndrome as a result of receiving the influenza vaccine on November 20, 2012. Petition, ECF No. 1. On February 16, 2024, Chief Special Master Corcoran issued an entitlement decision in favor of petitioner. ECF No. 64. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.     Items of Compensation**

　　A.     Life Care Items

Respondent engaged life care planner Linda Curtis RN, MS, CCM, CNLCP, and petitioner engaged Ashley H. Johnson, MS, CRC, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine injury" is

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 16, 2024, Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

as described in the Chief Special Master's February 16, 2024, Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Jane B. Rushing, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2] Petitioner agrees.

### B. Pain and Suffering

Respondent proffers that petitioner should be awarded $220,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $24,964.57. Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

---

[2] The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A. A lump sum payment of $393,710.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($148,745.77), pain and suffering ($220,000.00), and past unreimbursable expenses ($24,964.57), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Jane B. Rushing.

B. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

3

which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jane B. Rushing, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Jane B. Rushing, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jane B. Rushing's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

4

III.    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum:    **$393,710.34**
    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/*Sarah Black Rifkin*
SARAH BLACK RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Email: Sarah.Rifkin@usdoj.gov

Dated:    February 7, 2025

---

Compensation Program System of Records, No. 09-15-0056.

**Appendix A: Items of Compensation for Jane Rushing**          Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2025 | Compensation Years 2-Life<br>2026-Life |
|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | 257.00 | 257.00 |
| Medigap | 5% | | M | 2,635.20 | 2,635.20 |
| Medicare Part D | 5% | | M | 1,156.32 | 1,156.32 |
| Home Health Care | 4% | | M | 122,640.00 | 122,640.00 |
| Life Line | 4% | | | 474.30 | 419.40 |
| Bathroom Door Widening | 4% | | | 1,000.00 | |
| Ramp | 4% | | | 2,000.00 | |
| Power Wheelchair | 4% | * | | | |
| Roho Cushion | 4% | | | 121.00 | 40.33 |
| Power Wheelchair Battery | 4% | * | | | |
| Lightweight Wheelchair | 4% | | | 406.00 | 58.00 |
| Power Wheelchair Maintenance | 4% | * | | | |
| Suitecase Ramp | 4% | | | 118.00 | 23.60 |
| Rollator Walker | 4% | | | 156.03 | 31.21 |
| Gait Belt | 4% | | | 7.99 | 1.60 |
| Lift Chair | 4% | * | | 749.00 | 74.90 |
| Electric Hospital Bed | 4% | * | | | |
| Pressure Relief Mattress | 4% | | | 149.99 | 30.00 |
| Neurologist | 5% | * | | | |
| Primary Care Physician | 5% | * | | | |
| Urologist | 5% | * | | | |
| Van Modification | 4% | | | 15,000.00 | |
| EMG | 5% | * | | | |
| CBC, CMP | 5% | * | | | |
| Adult Diapers | 4% | | M | 1,215.50 | 1,215.50 |
| Disposable Pads | 4% | | M | 613.00 | 613.00 |
| Physical Therapy Evaluation | 4% | * | | | |
| Physical Therapy | 4% | * | | | |
| Cymbalta | 5% | * | | | |
| Gabapentin | 5% | * | | | |
| Vitamin B12 | 4% | | | 46.44 | 46.44 |
| Pain and Suffering | | | | 220,000.00 | |
| Past Unreimbursable Expenses | | | | 24,964.57 | |
| Annual Totals | | | | 393,710.34 | 129,242.50 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($148,745.77), pain and suffering ($220,000.00), and past unreimbursable expenses ($24,964.57): $393,710.34.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.